UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DONALD BOWMAN,

    Plaintiff,

    v.

CAROLYN W. COLVIN,
Commissioner of Social Security Administration,

    Defendant.

Case No. 3:14-cv-00514-MMD-WGC

ORDER

**I.    BACKGROUND**

Before the Court is Magistrate Judge William G. Cobb's Report and Recommendation ("R&R") (ECF No. 21) regarding Plaintiff Donald Bowman's ("Bowman") Motion for Remand or Reversal of the Commissioner's Decision (ECF No. 12) and Defendant Commissioner Carolyn W. Colvin's ("the Commissioner") Opposition and Cross-Motion to Affirm. (ECF No. 17.) The Court has also reviewed the Commissioner's objection (ECF No. 22) and Bowman's response (ECF No. 23).

**II.    BACKGROUND**

The following relevant background facts are taken from the R&R. Bowman filed applications for Social Security Disability Insurance Benefits and Supplemental Security Income on April 19, 2011, alleging a disability onset date of January 1, 2009 (Administrative Record ("AR") 165-170.) The Social Security Administration denied his applications upon initial review and again upon reconsideration. (AR 99-102, 106-108.) At his request, Bowman appeared, represented by counsel, for a hearing before an

administrative law judge ("ALJ") on November 6, 2012. (AR 69-96, 109-110.) On November 16, 2012, the ALJ issued an unfavorable decision finding that Bowman was not disabled. (AR 17-33.) The Appeals Council denied review (AR 1-7), and Bowman subsequently sought review from this Court.

Magistrate Judge Cobb issued the R&R on September 2, 2015, concluding that the ALJ erred in failing to provide specific and legitimate reasons for rejecting medical opinions and in assessing Bowman's credibility. (ECF No. 21.) The R&R recommends that the matter be remanded to the ALJ for further proceedings.[1] *Id.* The Commissioner timely filed an objection (ECF No. 22) and Plaintiff filed a response. (ECF No. 23.) The Court has reviewed the administrative record manually filed by the Commissioner. (ECF No. 8.) For the reasons stated below, the R&R is accepted and adopted in full.

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of the Commissioner's objection, the Court engages in a *de novo* review of the two portions of the R&R relevant to the objection.

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Social Security Act. In reviewing findings of fact, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a mere

---

[1] The R&R further details the procedural history of Bowman's claims, a complete summary of the ALJ's findings and relevant testimony, complete summary of the medical evidence in the record, and the applicable standards set out by the Social Security Act. (ECF No. 21 at 1-16.) These portions of the R&R are not in dispute, and the Court adopts them in full. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed).

scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r Soc. Sec.*, 740 F.3d 519, 522–23 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)). The Court must consider the entire record as a whole to determine whether substantial evidence exists, and must consider evidence that both supports and undermines the ALJ's decision. *Gutierrez*, 740 F.3d at 523 (citation omitted). In weighing the evidence and making findings, the Commissioner must also apply the proper legal standards. *Gutierrez*, 740 F.3d at 523 (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). However, a reviewing court may consider "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *see also Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003).

## IV.   DISCUSSION

The R&R finds that the ALJ erred in two ways. First, the ALJ did not provide adequate reasons for rejecting medical opinions, and second, the ALJ discredited Bowman's own subjective testimony without citing clear and convincing reasons based on substantial evidence in the record. The Commissioner objects to both findings. The Court will address each finding in turn.

### A.   Medical Opinions of Dr. Gerson, Dr. Villaflor, and APN Morris

The R&R found that the ALJ did not provide specific and legitimate reasons for rejecting the uncontradicted opinions of three medical sources: 1) Dr. Steven Gerson, 2) Dr. Julius Villaflor, State agency medical consultant, and 3) advanced practice nurse ("APN") Kimberly M. Morris of Arthritis Specialists of Northern Nevada, working under Dr. Steven G. Atcheson. (ECF No. 21 at 17-18.) The R&R concluded that the ALJ erred by failing to discuss the medical sources' opinions relating to Bowman's ability to walk and/or stand in a workday, and failing to provide specific and legitimate reasons for rejecting them. *See Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015); ECF No. 21 at

3

19. As a result, the ALJ's decision did not incorporate a function-by-function analysis as required by SSR 96-8p prior to expressing Bowman's RFC in terms of exertional levels of work. (ECF No. 21 at 19.)

The Commissioner first argues that the ALJ's decision was correct and supported by substantial evidence, including assessments and recommendations from Bowman's treating physicians. (ECF No. 18 at 3-4.) While the Commissioner acknowledges that "the ALJ did not specifically state she rejected [Drs. Gerson and Villaflor and APN Morris'] standing and walking limitations," the Commissioner argues that the ALJ provided valid reasons for excluding them from her RFC assessment. (ECF No. 22 at 3.) The Commissioner's objection, however, helps highlight the deficiencies in the ALJ's findings. At best, the ALJ offers a thin and vague discussion of why she rejected APN Morris, Drs. Gerson and Villaflor's walking/standing assessments. Aside from a general reference that Bowman experienced "good results" from medication and "returning strength" in his hands, the ALJ does not support her findings with evidence from the medical record for this Court to review. (AR 26.) While the Commissioner is correct that APN Morris' April 2012 evaluation came after Drs. Gerson and Villaflor's evaluations, this discussion is notably absent in the ALJ's findings.[2] This does not meet the legal standard of "specific and legitimate" in order to properly reject a medical opinion. 20 C.F.R. § 404.1527(b).

The Commissioner argues that there is "no doubt the ALJ considered the evidence from Dr. Gerson, Dr. Villaflor, and Ms. Morris in rendering her decision." (ECF No. 22 at 3.) But mere consideration is not enough. Although an ALJ is not bound by an expert medical opinion on the ultimate question of disability, she must provide specific and legitimate reasons for rejecting the opinion of a treating physician in a social security

///

---

[2] In any case, the Commissioner does not mention that on May 11, 2012, a month after APN Morris saw improvement in Bowman, Bowman called to report that he was still taking the Prednisone but was "getting worse" in the last two weeks, reporting stiff and swollen fingers, chills, and that his face was cold "all the time." (AR 481.)

4

case. 20 C.F.R. § 404 .1527(b). "In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison, v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Second, the Commissioner argues that because APN Morris is not considered an acceptable medical source,[3] the ALJ need only provide "germane" reasons to discount her conclusions. (ECF No. 22 at 4.) The Commissioner cites to *Molina v. Astrue*, which held that the ALJ may discount non-medical opinions from "other sources" by giving "reasons germane to each witness." 674 F.3d 1104, 1111 (9th Cir. 2012) (internal quotations omitted). But this case is distinguishable from *Molina* because there, the ALJ discounted the opinion of a physician's assistant in favor of a contradicting physician's opinion, providing "several germane reasons" that were substantiated by the record. *Id.* Moreover, the Commissioner's objections again illustrate the deficiencies in the ALJ's findings. While the ALJ does detail the April 18, 2012, follow-up by Dr. Atcheson and APN Morris in her summary of Bowman's medical history, she does not allude to it in her decision to give APN Morris' conclusions "great weight" to the extent they support the ALJ's finding of light work. (AR 25.) Instead, it appears that the ALJ discounted APN Morris' standing and walking limitations simply because she is not an acceptable medical source. *Id.* Without more, this Court finds it difficult to discern why the ALJ accepted some of APN Morris' conclusions and not the rest. Nowhere in the ALJ's findings does she make the distinction that the March 14, 2012, form was pre-printed and only signed by Morris, whereas the April 18, 2012, follow-up was signed by both Morris and Dr. Atcheson. Instead, the Commissioner asks this Court to infer the ALJ's reasoning of

///

---

[3]*See* 20 C.F.R. § 416.913(d)(1) (classifying nurse practitioners as "other" sources who do not qualify as acceptable medical sources).

rejecting APN Morris' standing/walking evaluation from a previous summary of Bowman's medical history. (ECF No. 22 at 4-5; AR 24-25.)

Even assuming the ALJ provided germane reasons to discount APN Morris' standing and walking conclusions, the ALJ still erred by 1) failing to provide specific and legitimate reasons to reject Drs. Gerson and Villaflor's opinions regarding Bowman's standing and walking limitations, and 2) failing to provide a function-by-function analysis of Bowman's individual standing, walking, and sitting capabilities. The Ninth Circuit Court has held that "[w]here an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison*, 759 F.3d at 1012 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). Therefore, the Court agrees with the R&R that the ALJ erred in failing to discuss Drs. Gerson and Villaflor's conclusions that Bowman was limited to 4 and 2 hours, respectively, of standing and/or walking in an eight-hour workday without justifying her decision to do so with specific reasons based on substantial evidence.

The Court also agrees with the R&R that the error was not harmless and therefore constitutes reversible legal error. On examination by Bowman's attorney, the vocational expert testified that all of the occupations identified at Step 5 of the Sequential Evaluation Process would no longer exist for a standing and/or walking limitation of 2 hours in an eight-hour workday. (AR 95-96.) In addition, this additional limitation would be consistent with a sedentary residual functional capacity. (AR 95.) If Dr. Villaflor's decision were credited as true, this would result in a consequentially different disability determination. As the R&R states, and the Court agrees, it is not clear whether Bowman could perform any other sedentary level jobs in the national economy. (ECF. No. 21 at 21.) Therefore, the Court agrees that the matter should be reversed and remanded to the ALJ for discussion of the medical sources' opinion on Bowman's abilities to stand and walk in an eight-hour workday and for the ALJ to provide a function-by-function analysis of Bowman's exertional and non-exertional abilities in the RFC assessment.

///

**B.   Bowman's Credibility**

The R&R determined that the ALJ erred by failing to set forth specific, clear and convincing reasons that undermined Bowman's credibility. (ECF No. 21 at 23-34.) The ALJ found that Bowman's medically determinable impairments "could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residential functional capacity assessment." (AR 23.) The R&R concluded that this "brief reference to medication noncompliance" did not constitute a specific, clear and convincing reason to find Bowman less than credible because there was only a "brief reference" to noncompliance in the medical records. (ECF No. 21 at 23-34). The Court agrees.

The ALJ is responsible for determining credibility. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The ALJ must first "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "If the claimant meets the first test and there is no evidence of malingering, the ALJ may only reject the claimant's testimony about the severity of the symptoms if he or she gives 'specific, clear and convincing reasons' for the rejection." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Lingenfelter*, 504 F.3d at 1036).

An ALJ's findings are supported by substantial evidence if they are "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991). "[T]he claimant is *not* required to show 'that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Garrison*, 759 F.3d at 1014 (emphasis in original) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).

The ALJ may not reject subjective pain testimony "on the sole ground that it is not fully corroborated by objective medical evidence[.]" *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The Commissioner argues that the ALJ "properly found that efficacy of treatment undercut Plaintiff's claims," referencing the ALJ's summary of medical evidence from Bowman's treating physicians (ECF No. 22 at 6; AR 23-24.) The Commissioner also supplements the ALJ's credibility decision based upon medication noncompliance with details from the medical record, including an instance when Bowman was "adamant" about not coming into the hospital for a surgical repair of hydrocele (swelling of the right testicle) (AR 285), a reference that Bowman missed one of his follow-up appointments (AR 481), and a statement by Bowman during his December 28, 2011, hospitalization that he had not taken his medication for several months (AR 402). The Commissioner further argues that treatment records show that Bowman himself reported his financial status as a reason for not seeking medical care, and that there are no records corroborating this statement nor evidence showing that he sought low-cost or no-cost treatment due to economic hardship. (ECF No. 22 at 8.)

The Court agrees with the R&R that the ALJ's discussion of Bowman's credibility was limited to a single brief reference with none of the details provided in the Commissioner's opposition to support the ALJ's conclusion. Without more from the ALJ, it is difficult for this Court, as a reviewing court, to discern the basis for the ALJ's medical noncompliance determination. This is bolstered by the fact that there is evidence in the medical record suggesting the possibility of financial hardship, which the ALJ does not mention or give reason to reject in her finding. (AR 398, 402.)

## V. CONCLUSION

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 21) is accepted and adopted in full. Plaintiff's Motion to Remand (ECF No. 12) is granted. Defendant Commissioner Carolyn W. Colvin's Opposition and Cross-Motion to Affirm (ECF No. 17) is denied. This case is remanded to

the ALJ for further proceedings. The Clerk is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 15th day of August 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE